UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL YOUNG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6329** |
| **JAMES LEBLANC, ET AL.** | **SECTION "B"(4)** |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's **Motion for Temporary Restraining Order and a Preliminary Injunction (Rec. Doc. No. 9)**. The motion was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this motion can be disposed of without an evidentiary hearing.

**I.    Factual and Procedural Background**

The Plaintiff, Michael Young ("Young"), is a convicted inmate, housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC"). Young filed a *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983 against Department of Corrections Secretary James LeBlanc, Warden Sandy McCain, Warden Robert Tanner, Assistant Warden Keith Bickham, Assistant Warden Beverly Kelly, Colonel Craig Kennedy, Major Jeff Williams, Major Tim Crawford, Captain Ronnie Seal, Social Worker Gina Todd, Specialist Amy Stogner, and Correctional Officer Jules Hebert. Young alleges that he was labelled a snitch within the prison, and as a result, has been attacked and at risk in the population since 2015. Young asserts that the Defendants have failed to provide him with adequate protection from other inmates and certain prison officials, and further, failed to transfer him to another facility, which has left him prone to assault, both physical

and sexual. Young seeks a temporary restraining order and/or preliminary injunction to compel the Defendants to protect him from harm by other inmates while he is at RCC.

## II.     Standard of Review

Pursuant to Federal Rules of Civil Procedure ("Rule") 65(a) and (b), a party seeking a temporary or preliminary injunction must set forth "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant." An injunction is an *extraordinary* equitable remedy that may be granted *only* if Plaintiff clearly carries his burden of establishing four essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause Defendants; and (4) the injunction will not disserve the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Voting for Am. Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013); *Planned Parenthood Ass'n of Hidalgo Cty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012); *S. Co. v. Dauben Inc.*, 324 F. App'x 309, 314 (5th Cir. 2009). Part of the requisite showing is "a *substantial* threat of *irreparable* injury if the injunction is not issued." *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (emphasis added); *accord S. Co.*, 324 F. App'x at 319.

Furthermore, in the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances," the "federal courts are reluctant to interfere" with matters of prison administration and management, including prison discipline and classification of inmates. *Young v. Wainwright*,

449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

## III.  Analysis

Applying the foregoing legal standards to the facts alleged by Plaintiff, Young is not entitled to temporary or preliminary injunctive relief under Rule 65 requirements.  Notably, Young has not established that he faces an ongoing constitutional violation by the named prison officials or a substantial threat of future injury that is irreparable.  A party's injury, whether emotional or physical, and other harm are not irreparable for purposes of Rule 65 if an adequate alternate remedy in the form of monetary damages is available.  *Brennan's, Inc. v. Brennan*, 289 F. App'x 706, 707 (5th Cir. 2008).  Young has not identified any future injury that could not be adequately compensated by monetary redress.

In addition, injunctive relief is to prevent future violations, not to punish a defendant for past behavior.  *SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978); *see also Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998) ("[t]o pursue an injunction . . . the [plaintiff] must allege a likelihood of future violations of their rights by [the defendants] not simply future effects from past violations.").  For these reasons, "[s]peculative injury is not sufficient." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."); *Janvey v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011).  Here, Young has not asserted nothing more than a fear that he may be attacked by other inmates (and none have been identified) at RCC, or that the prison officials will not protect him from a real or known threat to his safety, something the prison officials already are obliged to provide.  At the current time, Young has not presented sufficient grounds for the granting of injunctive relief to prevent a future harm or constitutional violation

likely to occur, or that could not be adequately compensated by monetary damages should any such future injury occur.

Furthermore, considering the interests of the prison officials and the damage they may suffer by an entry of injunction, the award of injunctive relief, at this time, would involve this Court's unwarranted interference with the administration of prison functions, including the maintenance of security and jailhouse discipline and appropriate custodial classification, in a way that would disserve the public interest. Courts must accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration, especially the "essential goals" of "maintaining institutional security and preserving internal order and discipline," in the absence of a clear constitutional violation. *Bell v. Wolfish*, 441 U.S. 520, 546-48 (1979); *accord Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir. 1990). State officials have broad discretionary authority concerning the placement of prisoners in a particular status and in the maintenance of prison discipline. Under the circumstances described by Young, the Constitution affords him no constitutionally protected interest at this time that might outweigh Defendants' or the public's interests in prison administration and discipline within RCC.

Accordingly, Young has not established his entitlement to temporary or preliminary injunctive relief before trial.

**IV.    Recommendation**

It is, therefore, **RECOMMENDED** that Young's **Motion for Temporary Restraining Order and a Preliminary Injunction (Rec. Doc. No. 9)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

      New Orleans, Louisiana, this 21st day of September, 2017.

                              **KAREN WELLS ROBY**
                 **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.