**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHAEL YOUNG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6329** |
| **JAMES LEBLANC, ET. AL.** | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court is Petitioner Michael Young's Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. (Rec. Doc. 9). Magistrate Judge Roby's Report and Recommendation (the "R&R") (Rec. Doc. 14), and Petitioner's objections to the R&R. (Rec. Doc. 16).

For the reasons enumerated below, **IT IS ORDERED** that the Report and Recommendation is **ADOPTED;** Petitioner's objections are **OVERRULED;** and the instant Motion for Temporary Restraining Order and a Preliminary Injunction is **DENIED.**

**FACTS AND PROCEDURAL HISTORY**

Petitioner Michael Young ("Petitioner") is a state inmate housed in B.B. Sixty Rayburn Correctional Center ("Rayburn"). Rec. Doc. 14 at 1; Rec. Doc. 16 at 1. Petitioner filed a civil rights complaint under 42 U.S.C. § 1983, against the Defendants[1] (Rec. Doc. 1), proceeding

---

[1] The Complaint names as Defendants: The Department of Corrections Secretary James LeBlanc, Warden Sandy McClain, Warder Robert Tanner, Assistant Warden Keith Bickham, Assistant Warden Beverly Kelly, Colonel Craig Kennedy, Major Jeff Williams, Major Tim Crawford, Captain Ronnie Seal, Social Worker Gina Todd, Specialist Amy Stogner, and Correctional Officer Jules Hebert. (collectively referred to herein as "Defendants").

1

*pro se* and *in forma pauperis.* Rec. Doc. 7. In the civil right complaint, Petitioner alleges that after he filed a Prison Rape Elimination Act complaint ("PREA") against Defendant Officer Jules Hebert in 2015, Defendant Hebert labeled Petitioner a "snitch" to the other inmates. Rec. Doc. 16 at 2; Rec. Doc. 4 at 11. Petitioner asserts that because Defendant Hebert labeled him a "snitch," he is more prone to be physically and sexually abused by the other inmates. Furthermore, Petitioner asserts that the Defendant correctional officers refuse to adequately protect him from the other inmates' assaults. Rec. Doc. 4 at 11.

On August 9, 2017, Petitioner filed a Motion for TRO and Preliminary Injunction, claiming that he made numerous requests to the Defendants for either a transfer to another facility (Rec. Doc. 9 at 1) or additional protection from the assaults of other inmates'. (Rec. Doc. 9 at 3). However, Petitioner contends that the Defendants have denied all his requests (Rec. Doc. 16 at 2; Rec. Doc. 14 at 1); and as recently as September 28, 2017, he alleges another assault from his fellow inmates. Rec. Doc. 16 at 6.

I. **PARTIES' CONTENTIONS**

   a. **The Report and Recommendation**

First, the R&R found that Petitioner is not entitled to a TRO and Preliminary Injunction. Rec. Doc. 14 at 3. The R&R grounded its finding on the conclusion that Petitioner neither proved an ongoing violation of his constitutional rights by the Defendants nor a substantial threat that he will suffer an irreparable future injury.

2

Rather, the R&R found that Petitioner merely showed a speculative fear of danger. *Id.* The R&R also concluded that Petitioner could not identify any future harm that could not be adequately compensated by monetary redress. Rec. Doc. 14 at 3-4. Moreover, the R&R determined that because the court grants broad discretion to state officials with regards to decisions of prison security and discipline, Petitioner is not afforded any constitutionally protected interest that outweighs the Defendants' or public's interest in the maintenance of discipline at Rayburn. Rec. Doc. 14 at 4. Ultimately, the R&R recommended the Court deny Petitioner's Motion for TRO and Preliminary Injunction. *Id.*

 **b. Petitioner's Objections**

 Petitioner filed an Objection to the R&R, asserting seven arguments. Rec. Doc. 16. First, Petitioner argues that he is entitled to a TRO and Preliminary Injunction under the Federal Rules of Civil Procedure Rule 65 requirements. *Id.* at 4. Petitioner asserts that the Defendants failed to adequately protect him from inmates' assaults more than five times—as recently as September of 2017—thereby violating his constitutionally vested rights. *Id.* at 4. Petitioner contends that his death is a future injury that is irreparable. *Id.* at 5. Furthermore, Petitioner contends that the cost of his medical bills and the investigation of his death would be a greater disservice to the public interest than transferring him to another facility. *Id.*

 Second, Petitioner argues that because of Defendants' inadequate protection from on-going assaults by the other inmates, Defendants are

committing a continuing violation of Petitioner's United States Constitution Eighth Amendment right. *Id.* at 5-6.

Third, Petitioner asserts that his death is a future injury that monetary redress would not adequately compensate. *Id.* at 7.

Fourth, Petitioner contends that he asserts more than a mere fear of harm or that the defendants will not protect him from assault by other inmates because he has been attacked by other prisoners more than four times since 2015 and as recently as 2017. *Id.* at 7-8.

Fifth, Petitioner argues that the court granting this motion will not require the court to interfere with the prison's function in an unwarranted way that would disserve the public interest. Rec. Doc. 16 at 8. Petitioner asserts that this case is different than *Young v. Wainwright*, 448 F.2d 338 (5th Cir. 1971) because Petitioner, in this case, is only requesting an injunction and not a release from segregation. Rec. Doc. 16 at 8.

Sixth, Petitioner contends that his interest in safety and his rights guaranteed by the Eighth Amendment outweigh the Defendants' interest, and that he has shown the public interest will be served by the Defendants' protection of him. *Id.* at 9.

Lastly, and maybe duplicative, Petitioner argues that he is entitled to an injunction because he is experiencing an ongoing assault from other inmates and the Defendants labeling him a "snitch" is a violation of his constitutional rights; and therefore, the only appropriate remedy to his injury is an injunction. *Id.* at 9-10.

## II. LAW AND ANALYSIS

Temporary and preliminary injunctions are governed by Federal Rule of Civil Procedure Rule 65 (a) and (b), which require a party seeking injunction to prove "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65. Both temporary and preliminary injunctions are granted where the applicant can establish four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the party will suffer irreparable harm if the injunction is not granted; (3) the movant's substantial injury outweighs any possible damage to the enjoined party; and (4) the injunction will not disserve the public interest. *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013); *Texas Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012); *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252 (5th Cir. 2009). An injunction is an extraordinary remedy that will be granted only if a movant "clearly carried the burden of persuasion on all four requirements." *Texas Med. Providers Performing Abortion Servs.*, 667 F.3d at 574; *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972(1997).

Injunctions concerning the prison context are viewed giving "ranging deference to the decisions of prison administrators and permit[ting] them to make difficult judgments concerning

5

prison operations." *Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir. 1990).

    a. **Element 2: Substantial threat of imminent and irreparable harm**

A party seeking an injunction must show that he or she will suffer both "imminent and irreparable" harm unless an injunction is granted. Fed. R. Civ. P. 65; *Heath v. City of New Orleans*, 320 F. Supp. 545, 546 (E.D. La. 1970), *aff'd,* 435 F.2d 1307 (5th Cir. 1971) ("The equitable injunctive power of the federal court will not be exercised [except] in exceptional cases to prevent irreparable injury which is clear and imminent."). For purposes of an injunction, "irreparable harm" is an injury that cannot be adequately redressed by a monetary award. *See Brennan's, Inc. v. Brennan*, 289 F. App'x 706, 708 (5th Cir. 2008). **Mere speculation** of an irreparable injury is insufficient to satisfy this requirement. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant.")(Emphasis added.); *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013).

In this instance, Petitioner fails to carry his burden to prove that he will suffer an irreparable injury or that an irreparable injury is imminent from unidentified inmates. Petitioner does not provide any information to help identify or locate alleged offending inmates, a rape kit, a medical report, incident reports, or any evidence to support conclusions of being assaulted by other inmates

or that the Defendants are allowing it to happen. Further, Petitioner's possibility of death is purely speculative and does not satisfy the above requirements. There are insufficient factual allegations in support of conclusions that the other inmates are attempting to kill him nor is there proof that Petitioner has suffered any life-threatening injuries. *Arguendo*, if the inmates were to kill Petitioner, it is additionally speculative that the Defendants would have allowed the other prisoners to do so; noting that the Defendants must protect the prisoners of the facility. Therefore, Petitioner fails to establish he will suffer an imminent and irreparable injury if the injunction is not granted and thus, his request for an injunction should be denied.

**b. Remaining Elements**

Next, Petitioner fails to establish that after according deference to the Defendants' prison administrative decisions, his abuse from the other prisoners is more significant than inference with the Defendants' ability to maintain a secure and discipline prison. Such an action by the Court may also affect the Defendants' ability to secure their safety. Therefore, Petitioner fails to prove that his conclusory claim outweighs the possible damage to the Defendants.

It is highly probable that granting an injunction in this instance may interfere with the Defendants' ability to secure the prison and maintain discipline. Public interest would be severly disserved because prisons that are unsecured do not aid in the

rehabilitation of the prisoners. Additionally, it does not allow for the safety of both prisoners and individuals that work in prison, such as the Defendants. Thus, Petitioner fails to meet his burden of showing that granting an injunction would not disserve the public interest.

New Orleans, Louisiana, this 29th day of November, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE