UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL YOUNG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6329** |
| **JAMES LEBLANC, ET AL.** | **SECTION "B"(4)** |

**PARTIAL REPORT AND RECOMMENDATION**

Before the Court is a second **Motion for Preliminary Injunction and Temporary Restraining Order (Rec. Doc. No. 25)** filed by the plaintiff, Michael Young. The motion was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. On October 17, 2017, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff and counsel for defendants participating by telephone.[2] Upon review of the entire record, the Court has determined that this motion can be disposed of without an evidentiary hearing.

**I.     Factual and Procedural Background**

The plaintiff, Michael Young ("Young"), is a convicted inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC"). Young filed a *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983 against Department of Corrections Secretary James LeBlanc, Warden Sandy McCain, Warden Robert Tanner, Assistant Warden Keith Bickham, Assistant Warden

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what the prisoner alleges occurred and the legal basis for the claims. The information received is considered an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 15. The hearing was digitally recorded.

Beverly Kelly, Colonel Craig Kennedy, Major Jeff Williams, Major Tim Crawford, Captain Ronnie Seal, Social Worker Gina Todd, Specialist Amy Stogner, and Correctional Officer Jules Hebert.  Young alleges that he was labelled a snitch within the prison, and as a result, was attacked by an inmate and he believes he has been at risk in the population since 2015.  Young asserts that the defendants have failed to provide him with adequate protection from potential attack by other inmates and retaliatory harassment by certain prison officials, and have failed to transfer him to another facility which has left him vulnerable to physical and sexual assault.  Young reiterated these grievances in his testimony during the *Spears* Hearing.

In the instant motion, Young seeks issuance of a temporary restraining order and/or preliminary injunction to compel the defendants to place him in protective custody and protect him from harassment by prison officials.  In support, Young has submitted copies of various letters he claims to have written to prison officials and the complaint resolution forms returned to him by prison officials.

## II.   Standards of Review

The law is well settled that issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion."  *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).  An injunction is to be the exception, not the rule.  *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).  Furthermore, in the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'"  *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).  "Except in extreme circumstances," the "federal courts are reluctant to interfere" with matters of prison administration

and management, including prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

Injunctive relief is to prevent future violations, not to punish a defendant for alleged past behavior. *SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978); *see also Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998) ("[t]o pursue an injunction . . . the [plaintiff] must allege a likelihood of future violations of their rights by [the defendants] not simply future effects from past violations."). For these reasons, "[s]peculative injury is not sufficient." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."); *Janvey v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011).

The Supreme Court has explained that a plaintiff seeking an injunction must show that (1) he has suffered an irreparable injury, (2) remedies available at law such as monetary damages are inadequate to compensate for that injury, (3) a remedy at equity is warranted when considering the balance of hardships between the plaintiff and defendant, and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *United Motorcoach Association, Inc. v. City of Austin*, 851 F.3d 489, 492-93 (5th Cir. 2017). These standards are essentially the same for both preliminary and permanent injunctions, except to obtain a permanent injunction, the plaintiff must normally show actual success on the merits rather than a mere likelihood of success. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987); *VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006) (listing "success on the merits" as a prerequisite for obtaining a permanent injunction).

In keeping with this, Fed. R. Civ. P. 65 sets forth the basic framework for the issuance of a preliminary injunction or temporary restraining order. Under this rule, a preliminary injunction may issue *inter alia* "only on notice to the adverse party." For a temporary restraining order to be issued under Rule 65 without notice to all parties, a plaintiff is required to present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to [plaintiff] before the adverse party can be heard in opposition." The plaintiff also must certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65 (b)(1).

### III.    Analysis

Young seeks injunctive relief against the defendants to accommodate his desire to feel safer in the prison and to avoid what he describes as possible retaliatory or harassing acts by the prison officials. This is Young's second motion seeking preliminary or temporary injunctive relief based on these same specious arguments. As made clear in the Court's prior Report and Recommendation and subsequent Order, Young has not met the burden of establishing the need for injunctive relief.

In this case, Young has identified at least one party, Officer Robert Goings, and several unnamed prison officials to be subjected to his injunctive relief who are not party to this suit and who do not appear to have been provided notice of his intent to seek injunctive relief. Young has not presented the requisite affidavit nor has he verified in his motion or complaint that he is under any irreparable injury, loss, or damage that would qualify for relief without notice to all parties.

Instead, Young merely complains that he has been labeled a "rat" by other inmates, because the prison guards allegedly told the inmates that Young is the reason for cell searches on his tier. Young, however, concedes in his pleadings that currently he is housed in a one man, secured cell,

4

which is something the prison officials have described to him as the "safest" place in the jail.[3] Young's own pleadings and the attachments demonstrate that he was placed in the secured cell based on his own actions and for his security. There also have been legitimate reasons for the searches of his cell, which apparently were conducted after he was found hording legal books and other legal materials contrary to prison rules. His pleadings and attachments also reflect that each of his complaints to the prison hierarchy were met with thorough investigations and prompt responses by prison officials.

Simply put, Young has not alleged nor presented any basis to find that he is being harassed, retaliated against, or is suffering or will suffer irreparable injury, loss, or damage under the current conditions of his confinement. He has asserted nothing more than a speculative concern that he may be attacked by other inmates (none of whom have been identified) at RCC if he does not remain in protective custody (despite the fact that he is isolated in a one-man cell). The prison officials, however, already have indicated to Young that they will provide more protection for him if he reports any specific activity or identifies an enemy. His concerns are purely speculative and at this juncture appear to be unfounded. Young has not established that he faces an ongoing constitutional violation by the named prison officials or a substantial threat of future injury that is irreparable.

In addition, a party's injury, whether emotional or physical, and other harm are not irreparable for purposes of Rule 65 if an adequate alternate remedy in the form of monetary damages is available. *Brennan's, Inc. v. Brennan*, 289 F. App'x 706, 707 (5th Cir. 2008). Young has not identified any future injury that could not be adequately compensated by monetary redress.

---

[3] Rec. Doc. No. 25-2, pp. 14-15.

Accordingly, Young has not established his entitlement to temporary or preliminary injunctive relief before trial.

## IV. Recommendation

It is, therefore, **RECOMMENDED** that Young's **Motion for Preliminary Injunction and Temporary Restraining Order (Rec. Doc. No. 25)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this  4th   day of September, 2018.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

6