# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL YOUNG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6329** |
| **JAMES LEBLANC, ET AL.** | **SECTION "B"(4)** |

## ORDER AND REASONS

The plaintiff, Michael Young, filed a **Motion for Appointment of Counsel (Rec. Doc. No. 23)** in which he requested appointment of counsel to assist him in this *pro se* and *in forma pauperis* proceeding pursuant to 42 U.S.C. § 1983. Young filed suit against the defendants, Secretary James LeBlanc, Warden Sandy McCain, Warden Robert Tanner, Assistant Warden Keith Bickham, Assistant Warden Beverly Kelly, Colonel Craig Kennedy, Major Jeff Williams, Major Tim Crawford, Captain Ronnie Seal, Gina Todd, Amy Stogner, and Officer Jules Hebert alleging that the defendants have failed to provide him with adequate protection or transfer him to another facility which has left him prone to both physical and sexual assault at the B.B. "Sixty" Rayburn Correctional Center.

On July 19, 2018, the Court issued an Order (Rec. Doc. No. 24) for Young to explain in writing why he seeks the assistance of counsel and what efforts he made to locate counsel on his own. Young filed a Response (Rec. Doc. No. 26) indicating that he contacted one law firm to obtain assistance to no avail and again requests that counsel be appointed.

A federal district court should only appoint counsel for an indigent plaintiff in a civil rights case if the case presents exceptional circumstances. *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). The Court can consider the following factors when ruling on a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately;

and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992). Young's case is not an exceptional one under these factors and presents no circumstances that would require appointment of counsel.

The issues in this case are not complex and Young has demonstrated his ability to more than adequately understand and convey the facts of his case without assistance of counsel. *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir.1994) (counsel should only be appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While Young may not be trained in the law, he has repeatedly demonstrated the ability to express his factual and legal arguments and to understand the issues involved in his case, even filing motions for injunctive relief and seeking review of other orders. The record in this case and Young's ability to present his case and understand the proceedings do not demonstrate a need for the appointment of counsel under the foregoing precedent. Accordingly,

**IT IS ORDERED** that Grandpre's **Motion for Appointment of Counsel (Rec. Doc. No. 23)** is **DENIED**.

New Orleans, Louisiana, this  18th  day of September, 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**