**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHAEL YOUNG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6329** |
| **JAMES LEBLANC, ET. AL.** | **SECTION: "B"(4)** |

## ORDER AND REASONS

Before the Court are Plaintiff Michael Young's Second Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (Rec. Doc. 25), Magistrate Judge's Partial Report and Recommendation (Rec. Doc. 28), and Plaintiff's objections (Rec. Doc. 33). Accordingly,

**IT IS ORDERED** that Plaintiff's objections are **OVERRULED** and the Magistrate Judge's Partial Report and Recommendation are **ADOPTED** as the Court's opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a state inmate housed in B.B. Sixty Rayburn Correctional Center. *See* Rec. Doc. 28 at 1; Rec. Doc. 33 at 1. He filed a civil rights complaint under 42 U.S.C. § 1983, against Defendants[1], proceeding *pro se* and *in forma pauperis*. *See* Rec. Doc. Nos. 1, 4, 7. In his Complaint, Plaintiff alleged that after

---

[1] The Defendants are: Department of Corrections Secretary James LeBlanc, Warden Sandy McCain, Warden Robert Tanner, Assistant Warden Keith Bickham, Assistant Warden Beverly Kelly, Colonel Craig Kennedy, Major Jeff Williams, Major Tim Crawford, Captain Ronnie Seal, Social Worker Gina Todd, Specialist Amy Stogner, and Correctional Officer Jules Hebert.

he filed a Prison Rape Elimination Act Complaint against Defendant Officer Jules Hebert in 2015, Defendant Hebert labeled him a "snitch" to the other inmates. *See* Rec. Doc. 16 at 2; Rec. Doc. 4 at 11. Furthermore, Plaintiff asserts that the Defendant-Correctional Officers refuse to adequately protect him from assaults by other inmates and retaliatory harassment by certain prison officials. *See* Rec. Doc. 4 at 11; Rec. Doc. 28 at 2.

On August 9, 2017, Plaintiff filed a motion for TRO and preliminary injunction, claiming that he made numerous requests to Defendants for transfer to another facility or additional protection from the assaults of other inmates. *See* Rec. Doc. 9 at 1-3. On September 22, 2017, Magistrate Judge Roby reviewed the motion and recommended it be denied. *See* Rec. Doc. 14. On October 11, 2017, Plaintiff filed objections. *See* Rec. Doc. 16. On November 29, 2017, this Court issued its Order and Reasons adopting the report and recommendation. *See* Rec. Doc. 18.

On September 26, 2018, Plaintiff filed the instant motion for TRO and preliminary injunction, arguing the same contentions he argued in his previous motion for TRO and preliminary injunction. *See* Rec. Doc. 25. On September 4, 2018, Magistrate Judge Roby again recommended that the motion be denied. *See* Rec. Doc. 28. On September 24, 2018, Plaintiff filed objections to the partial report and recommendation. *See* Rec. Doc. 33.

**LAW AND ANALYSIS**

    **A. TRO and Preliminary Injunction**

Pursuant to Federal Rule of Civil Procedure Rule 65, a party seeking temporary and preliminary injunctions must allege specific facts and show that he will suffer immediate and irreparable harm. *See* Fed. R. Civ. P. 65. To obtain a TRO or preliminary injunction the applicant must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the party will suffer irreparable harm if the injunction is not granted; (3) the movant's substantial injury outweighs any possible damage to the nonmovant party; and (4) the grant of the injunction is in the public interest. *See Moore v. Brown*, 868 F.3d 398, 402-03 (5th Cir. 2017); *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). A movant must carry the burden of persuasion on all four elements. *See Heil Trailer Int'l Co. v. Kula*, 542 Fed. App'x 329, 331 (5th Cir. 2013); *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013); *Texas Med. Providers Performing Abortion Servs. v. Lakey,* 667 F.3d 570, 574 (5th Cir. 2012).

The party seeking an injunction must show that he will suffer both imminent and irreparable harm absent the injunction. *See* Fed. R. Civ. P. 65. The Fifth Circuit has held that except in those exceptional cases to prevent clear and imminent irreparable injury, the courts will not issue an injunction. *See Heath v. City of New Orleans*, 320 F. Supp. 545, 546 (E.D. La. 1970), *aff'd,*

3

435 F.2d 1307 (5th Cir. 1971). A party may not assert speculative arguments. Mere speculation of an irreparable injury is insufficient. *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."); see *also Monumental Task Comm., Inc. v. Foxx*, 157 F. Supp. 3d 573, 583 (E.D. La 2016); *Hanna v. Lynn* 1993 U.S. App. LEXIS 39363 *2 (5th Cir. Sept. 22, 1993). Therefore, an injunction will not be issued "simply to prevent the possibility of some remote future injury." *Monumental Task Comm., Inc.*, 157 F. Supp. 3d at 583. The injury must be actual and imminent, not based off of conjecture or theoretical hypotheticals.

Courts have repeatedly recognized the delicate nature of issuing injunctions that are requested in the prison setting. Specifcally, federal courts, due to judicial restraint, reluctantly interfere with matters dealing with prison operations. *See Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir. 1990). Federal courts give a range of deference to the decisions of prison administrators when it pertains to matters of prison administration, including discipline and the status of inmates. *See id*. The issuance of temporary and preliminary injunctions "is an extraordinary and drastic remedy." *Harris County v. Carmax Auto Superstores Inc.*, 177 F.3d 306, 312 (5th Cir. 1999); *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). In other words,

injunctions should not be issued as ordinary practice, but only when the movant meets the burden of persuasion. *See Harris County*, 177 F.3d at 312.

**B. Plaintiff Fails to Meet Burden**

Upon review of the record, this Court finds that Plaintiff again fails to carry his burden. Specifically, he fails to show that he will suffer an irreparable injury or that an irreparable injury is imminent. Plaintiff, without any proof, argues that he has suffered serious harm and at a substantial risk of one of the inmates "harming or killing [him]." *See* Rec. Doc. 33 at 8. The Court acknowledges that Plaintiff has submitted letters attached to his pleadings that show each of his complaints to the prison were addressed and investigated by prison officials. *See* Rec. Doc. 25. However, Plaintiff has not produced any medical reports, incident reports, nor any evidence to support his mere conclusory statements that he is being assaulted by other inmates and that Defendants are failing to do anything about it.

Despite the fact that Plaintiff is in a one-man cell already, Plaintiff asserts a fear of being returned to general population and being attacked by other inmates. As courts have repeatedly held, an injunction will not be granted for speculative concerns or fears that are not imminent and actual. *See Monumental Task Comm., Inc.*, 157 F. Supp. 3d at 583. Thus, Plaintiff's concerns of being retaliated against or attacked in the future are speculative.

5

Furthermore, as the Magistrate Judge noted, the prison officials have already told him that they will provide additional protection if he reports specific activity with an identified enemy. *See* Rec. Doc. 28 at 5. This Court, in its previous Order and Reasons found that Plaintiff's assertion that Defendants will allow the other inmates to kill him because Defendants have constantly failed to protect him is also speculative. *See* Rec. Doc. 18 at 7. Therefore, Plaintiff has again failed to establish that he will suffer an imminent and irreparable injury if his motion is not granted. The Magistrate Judge's report and her prior Order and Reasons denying the TRO and preliminary injunction are supported by the record and law. *See* Rec. Doc. Nos. 18, 28.

New Orleans, Louisiana, this 8th day of March, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE