**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

MICHAEL YOUNG                                          CIVIL ACTION

VERSUS                                                NO. 17-6329

JAMES LEBLANC, ET. AL.                                SECTION: "B"(4)

<u>ORDER AND REASONS</u>

For reasons assigned herein, **IT IS ORDERED** that plaintiff Michael Young's "Memorandum of law in support of plaintiffs (sic) order to show cause, preliminary injunction and temporary restraining order" is hereby **DISMISSED AS FRIVOLOUS.** (Rec. Doc. 49). **IT IS FURTHER ORDERED** that the Magistrate's Report and Recommendation are adopted as the opinion of the court, overruling objections filed by Young, and **DISMISSING with prejudice the federal claims, and DISMISSING the state-based claims without prejudice.** See Rec. Docs. 43, 46.

Young is a state court prisoner at the Rayburn Correctional Center (RCC) who is appearing *pro se* and *in forma pauperis*. Pursuant to 42 U.S.C. § 1983, he seeks damages and injunctive relief, including transfer to another facility, arising from alleged failures by RCC prison officials to provide protective custody. Rec. Doc. 49, p. 1. He asserts nearly identical claims and arguments to those set forth in prior motions for temporary restraining order and preliminary injunction. Rec. Docs. 9, 25, 29. Regarding plaintiff's first two motions, the Magistrate Judge

submitted a Report and Recommendation to dismiss Young's claims for injunctive relief as speculative and failing to otherwise provide support for preliminary or temporary injunctive relief. Rec. Docs. 14, 28. Further, this Court has adopted the Magistrate Judge's Report and Recommendations for each motion, without modification. Rec. Docs. 18, 39.

Young states this Section 1983 action is based on violations of plaintiff's Eight Amendment rights to be "free from rape and assault by other inmates, [and] failure to protect and officer calling me a rat." Rec. Doc. 49 at 1. In his complaint and "*Spears*" hearing testimony before the Magistrate Judge[1], Young admittedly was "almost assaulted" or in a fight where ever he was in RCC, even while housed in a single-man segregation cell on RCC's high security Sleet Unit. That unit of RCC houses inmates in need of protection, mental health and discipline issues. Young is serving a ten-year sentence for distribution of cocaine. His medical history includes treatment for schizophrenia and bipolar disorders since age eleven (11). He is regularly prescribed Depakote and Trazodone for the latter conditions as well as for depression and anxiety. Following his mother's death in September 2015, Young was placed on extreme suicide watch by the prison doctor and ordered

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the "Spears" hearing is to determine what the prisoner alleges occurred and the legal basis for the claims. The information received is considered an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991). Young participated in that digitally recorded hearing by telephone. Rec. Doc. No. 15 and 17.

strapped by soft restraints to his bed in the Sleet Unit. Restraints were ordered following repetitive episodes of Young violently striking his head on the walls or ceiling of his cell.

Soon thereafter on September 14, 2015 Young alleges defendant correctional officer Jules Hebert entered his cell fully clothed, placed his private parts in Young's face, and made inappropriate sexual remarks while checking on Young's restraints. After reporting that activity, he alleges Hebert began telling other prisoners that Young was a "rat." Rec. Doc. 49 at 1. Young further claims that Hebert encouraged an inmate to attack him in February 2016. He believes RCC has failed to protect him and has continually denied him his rights, and that he is in danger from other inmates, arising from the "rat" designation. *Id.*

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c)(1) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding in forma pauperis upon a determination that they are frivolous or otherwise fail to state a claim for which relief can be granted. The Court has broad discretion in determining the frivolous nature of the complaint. *Se e Cay v. Estelle*, 789 F.2d 318 (5th Cir.1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir.1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

After liberally construing Young's claims in the process of reviewing the factual record and applicable law, we find that Young's Section 1983 claims against defendants, in their individual and official capacities are prescribed, frivolous, fail to state a claim for which relief can be granted, and/or otherwise fail to warrant relief against an immune defendant. 28 U.S.C. § 1915(b)(2) and § 1915A(b), and as applicable, 42 U.S.C. § 1997e.

That review also confirms the correctness of the Magistrate Judge's detailed report.

Young's official capacity claims against the defendants, Secretary LeBlanc, Warden McCain, Warden Tanner, Deputy Warden Bickham, Assistant Warden Kelly, Colonel Kennedy, Major Williams, Major Crawford, Captain Seal, Ms. Todd, Ms. Stogner, and Officer Herbert must be dismissed as frivolous for lack of jurisdiction, for failure to state a claim for which relief can be granted, and for seeking monetary relief against immune defendants. *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir.2010); 28 U.S.C. § 1915(e), § 1915A, and as applicable, 42 U.S.C. § 1997e.

While prison officials have a duty to protect prisoners from violence, not every injury translates into constitutional liability for prison officials responsible for the victim's safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). To succeed on his individual capacity claims for a failure to protect, "'the inmate [Young] must show that he is incarcerated under conditions posing a substantial risk of serious harm' and that the prison officials acted with 'deliberate indifference' to the inmate's safety." *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir.2004) (quoting *Farmer*, 511 U.S. at 834). "An official is deliberately indifferent when he/she 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id*. (quoting *Farmer*, 511 U.S. at 837). "The official's knowledge of the risk can be proven through circumstantial evidence, such as by showing that the risk was so obvious that the official must have known about it." *Id*. (citing *Farmer*, 511 U.S. at 842). Finally, "there is no liability if the official 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Id*. (quoting *Farmer*, 511 U.S. at 844); *Accord Johnson v. Thaler*, No. 09-313, 2010 WL 3543266, at *13 (SDTX 2010).

The record supports adoption of the following findings by the Magistrate Judge:

As Young concedes in his pleadings and statements, he repeatedly requested protective custody even when he was already housed in a secured, single man cell on Sleet Unit, deemed by officials to be the safest area of the prison. He also concedes that, when he had an actual fight with another inmate, whether it was his cellmates or an inmate in the hall, he was separated and promptly moved away from that inmate. Young has done no more than speculate that his requests for protection, when actually needed, were not taken seriously because he did not get the relief he wanted every time he asked to be moved. As shown from his own pleadings and testimony, his location in the prison had no deterring effect on his ability to engage and fight with other inmates. Young's allegations are inadequate to state a claim of intentional indifference to his safety and need for protection by these defendants.

Rec. Doc. 43, p. 21.

As reported by the Magistrate Judge, our own further review of the factual record and applicable law shows that Young's complaint was not filed under the mailbox rule until June 28,

2017.[2] That filing date was well over a year after defendant Hebert allegedly encouraged an inmate to attack Young in February 2016 and well over a year after Hebert allegedly placed his private body parts in Young's face in September 2015. If true, those offensive acts would constitute proper claims for relief under Section 1983 as violations of the Eighth Amendment. However, the one-year prescriptive period for filing those claims bars them as untimely filed.

For purposes of this § 1983 action, the court must look to the forum state's personal-injury limitations period. E.g., *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir.1994). In Louisiana, that period is one year. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989). However, federal law determines when this § 1983 claim accrues. *Moore*, 30 F.3d at 620. In the context of instant claims, Young himself knew of and provided the dates for his claimed injuries and causes. The record does not reflect any material obstacles that prevented Young from accessing this court with a timely filed complaint.[3] For the foregoing reasons, claims against Hebert and other defendants that arose between September 14, 2015

---

[2] Rec. Doc. No. 1, p. 13; see also, Rec. Doc. No. 4-1, p. 13. Cf. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir.2006) (citing *Houston v. Lack*, 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). The prison mailbox rule applies to the filing of § 1983 complaints. *Cooper v. Brookshire*, 70 F.3d 377, 378–81 (5th Cir.1995).

[3] Young's access to this court during relevant times here was shown when he filed a § 1983 complaint in 2016 challenging disciplinary violations received while on extreme suicide watch in September of 2015. See *Young v. McCain, et al*, CA 16-03404 T(5).

and June 2, 2016, the relevant time period within the complaint, are dismissed because they have prescribed.

For claims accruing after June 28, 2016 and timely asserted, Young fails to present a non-frivolous claim or one that rises to the level of a constitutional violation. Those remaining claims as correctly described in the Magistrate Judge's report involve vague allegations of verbal name-calling. Verbal abuse, threatening language and gestures by prison officials are insufficient to serve as the legal basis of a civil rights action. *McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993). Young's dissatisfaction with the prison's administrative grievance and disciplinary review procedures also fail as frivolous. He does not have a constitutional right to have complaints investigated and resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir.2005).

For the foregoing reasons, Young's ongoing interest in a transfer to another prison has not been shown warranted and, moreover, he has no constitutional right to demand placement in a particular cell or facility. *Yates v. Stalder*, 217 F.3d 332, 335 (5th Cir. 2000).

Finally, the court declines to exercise supplemental jurisdiction over Young's remaining state laws claims of negligence and breach of duty to protect. The federal-based claims

8

have been dismissed and a balancing of applicable statutory factors favor that declination. Accordingly, the state-based claims are dismissed without prejudice.  *Enochs v. Lampasas Cty.,* 641 F.3d 155, 159 (5th Cir. 2011). *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999); 28 U.S.C. § 1367(c).


New Orleans, Louisiana this 19th day of August 2020

SENIOR UNITED STATES DISTRICT JUDGE